**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFERSON MONTANO CARVAJAL,**<br>**Petitioner,**<br><br>v.<br><br>**J.L. JAMISON, JOHN E. RIFE,**<br>**MARKWAYNE MULLIN, TODD**<br>**BLANCHE, U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY, EXECUTIVE**<br>**OFFICE FOR IMMIGRATION REVIEW,**<br>**Respondents.** | **CIVIL ACTION**<br><br><br><br>**NO.  26-3027** |

**HODGE, J.**                                                                                                           **May 27, 2026**

<u>**MEMORANDUM**</u>

Petitioner Jefferson Montano Carvajal ("Petitioner" or "Mr. Montano Carvajal") is another of the numerous individuals who, pursuant to the relatively new decision by the Bureau of Immigration Appeals ("BIA"), has been subjected to mandatory detention without the opportunity for an individualized hearing under the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2). BIA's interpretation of that section would permit it to treat an immigrant who was not inspected upon arrival in the country "as seeking admission" even if the person arrived in the country years ago. Such treatment results in detention without any hearing. This Court again joins with the hundreds of decisions rejecting BIA's analysis, and grants Mr. Montano Carvajal's petition for a writ of habeas corpus (ECF No. 1 (the "Petition")) and orders his immediate release.[1]

---

[1] The Court may decide the issues raised in the Petition without a hearing, as courts have done in similar recent cases. *See Rodriguez Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025).

## I.     PROCEDURAL BACKGROUND[2]

Mr. Montano Carvajal, a native of Colombia, entered the United States at the southern border on or about July 4, 2022. (ECF No. 1 ¶ 17.) Mr. Montano Carvajal was encountered by officers in the Department of Homeland Security ("DHS") shortly thereafter, and was detained, placed in removal proceedings, and released. (ECF No. 1 ¶¶ 17–18; ECF No. 7 at 4.) At that time, he was issued a Notice to Appear ("NTA") charging him with being removable pursuant to INA §§ 212(a)(6)(A)(i), as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and 212(a)(7)(A)(i)(I), as "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act." (ECF No. 7-1 at 4.)

Since he was released into the United States, Mr. Montano Carvajal has established a community in Philadelphia, Pennsylvania, where he works to support his partner, children, and family. (ECF No. 1 ¶¶ 18–19.) Presumably, Petitioner does not have a criminal history because, if one existed, the Court expects it would have been stated by Respondents. Petitioner has complied with all conditions of his removal proceedings and immigration release, including attending hearings and scheduled check-in appointments with Immigration and Customs Enforcement ("ICE") officials. (*Id.* ¶ 20.) He also submitted an asylum application, which is pending. (*Id.*) On or about May 4, 2026, Mr. Montano Carvajal was taken into custody by ICE when he appeared for a scheduled check-in at the Philadelphia field office. (*Id.* ¶ 21.) He is currently being held at the Federal Detention Center in Philadelphia. (*Id.* ¶ 22.)

## II.    LEGAL STANDARD

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . ." The burden is on the petitioner to show that his confinement is unlawful. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.    DISCUSSION

Respondents assert that the Petition should be denied because Mr. Montano Carvajal is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2)(A) and his detention does not violate constitutional due process.

### A. Mr. Montano Carvajal Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1225(b)(2)(A)

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding . . . ." By contrast, 8 U.S.C. § 1226(a) "applies to aliens already present in the United States," *Jennings v. Rodriquez*, 583 U.S. 281, 303 (2018), and provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any of the criminal offenses listed in Section 1226(c). 8 U.S.C. § 1226(a).

Reversing course, on July 8, 2025, DHS issued a policy instructing all ICE employees to consider anyone deemed inadmissible under § 1182(a)(6)(A)(i)—*i.e.,* all those who entered the United States without admission or inspection—to be subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond. This policy was subsequently enshrined in a September 5, 2025 decision by the BIA, which took the position that

all non-citizens who are present in the United States without admission are subject to mandatory detention under Section 1225(b) and that an immigration judge has no authority to consider their bond requests. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

As the Supreme Court has explained, "aliens *already in the country* pending the outcome of removal proceedings" may be detained pursuant to Section 1226(a). *Jennings*, 583 U.S. at 289 (emphasis added). By contrast, Section 1225(b) "applies primarily to aliens seeking entry into the United States." *Id.* at 297. Respondents assert that noncitizens like Petitioner who are already present within the United States are "applicants for admission" within the language of Section 1225(b)(2)(A). (ECF No. 7 at 5–7.) However, as my colleagues have reasoned, if the Court accepts Respondents' argument that Section 1225(b)(2)(A) applies to all "applicant[s] for admission," then there was no need for Congress to specify that Section 1225(b)(2)(A) would apply to "alien[s] seeking admission." *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *see also Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) ("[T]he government's novel interpretation of the immigration statutes defies their plain text."). This Court must grant "every clause and word of a statute . . . meaning" and render "no clause, sentence, or word . . . superfluous, void, or insignificant." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023); *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001). If this Court adopted the Government's reading of Section 1225(b)(2)(A) to apply to "all applicant[s] for admission," it would render the phrase "seeking admission" superfluous. However, the text "seeking admission" is not unnecessary and, thus, shall not be ignored by this Court.

4

Respondents assert that the present case is a "*Q. Li*" case, referring to the BIA decision in *Matter of Q. Li*, 29 I. & N. Dec. 66 (B.I.A. 2025), which they define as those cases in which "individuals who entered the United States without inspection, were encountered near the border and detained without a warrant, released into the country, and, after a passage of time, [were] recently detained under 8 U.S.C. § 1225(b)(2)(A)." (ECF No. 7 at 2, 4.) While Respondents distinguish this category of cases from "*Hurtado* cases," they note that both categories share the same authority for mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*Id.* at 3.) Thus, the Court's statutory analysis above applies in this so-called "*Q. Li*" category of cases. Given that Section 1225(b)(2)(A) is inapplicable to Petitioner, the Court finds that Petitioner has been unlawfully detained in violation of the INA.

### B.  Mr. Montano Carvajal's Detention Violates Due Process

The Fifth Amendment's Due Process Clause prevents the Government from depriving any person of "life, liberty, or property, without due process of law." The "Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). To determine whether a government action violates due process, courts apply the balancing test outlined in *Mathews v. Eldridge*, which weighs: (1) the private interest implicated by the government action; (2) the risk of an erroneous deprivation and the probable value of additional safeguards; and (3) the Government's interest, including administrative burdens of additional procedures. 424 U.S. 319, 334 (1976).

All three *Mathews* factors weigh in favor of Mr. Montano Carvajal. In this instance, Mr. Montano Carvajal has a strong private interest in his personal liberty. The failure of the Government to afford him *any* individualized determination regarding whether he posed a danger

or flight risk after living in this country for more than three years, with no criminal record, poses a high risk of erroneous deprivation of his rights, while a bond hearing imposes minimal administrative burden. Respondents have set forth no facts suggesting that Mr. Montano Carvajal poses a danger or flight risk. Therefore, the application of the *Mathews* factors and constitutional due process necessitated a bond hearing prior to Mr. Montano Carvajal's detention on May 4, 2026. Because that hearing did not occur, Petitioner should not now be in custody.[3]

## IV.   CONCLUSION

For the aforementioned reasons, Petitioner's detention without a bond hearing contradicts the INA and offends the Due Process Clause of the Fifth Amendment. Therefore, this Court grants Mr. Montano Carvajal's Petition, orders his immediate release, permanently enjoins the Government from re-detaining him under Section 1225(b)(2)(A), and temporarily enjoins the Government from re-detaining him under Section 1226(a) for seven days following his release. An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**

**HODGE, KELLEY B., J.**

---

[3] In light of this Court's ruling that Petitioner's habeas petition is granted based on violation of the INA, 8 U.S.C. § 1226(a) (Claim I), and violation of the Fifth Amendment Right to Due Process (Claims III and IV), this Court declines to address Mr. Montano Carvajal's claim for relief pursuant to violation of the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.* (Claim II).